UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY VALAISE SMITH,

    Plaintiff,

v.

COBX CO.,

    Defendant.

_____/

No. 22-12836

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [6]**

Plaintiff Betty Valaise Smith brings failure to accommodate and retaliation claims under Title VII of the Civil Rights Act ("Title VII") against her former employer, Defendant COBX Co. (ECF No. 1.) Defendant moves to dismiss these claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff has not filed a response. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons below, the Court GRANTS Defendant's motion to dismiss.

**I.    Background**

Plaintiff was employed as a compliance supervisor with Defendant. On November 1, 2021, Defendant adopted a policy requiring all employees to be vaccinated against COVID-19 or to have received a religious or medical accommodation under the policy by December 8, 2021. Plaintiff alleges she has sincerely held religious beliefs that preclude her from taking the COVID-19 vaccination. She avers that she drafted a religious accommodation request but after hearing "from her peers that Defendant had been interrogating their religious beliefs to determine if they were sufficient," she did not submit

1

it. Plaintiff took a vacation in November and then after contracting COVID-19, she took FMLA leave. Due to her COVID-19 diagnosis and subsequent antibody treatment, Defendant gave Plaintiff a temporary medical exemption from the vaccine mandate. According to Plaintiff, she was "ultimately forced to separate from Defendant on February 11, 2022." Plaintiff later initiated this action through counsel.

II.     **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

III.    **Analysis**

On February 10, 2023, Defendant filed its motion to dismiss both Plaintiff's failure to accommodate and retaliation claims.

2

A.   **Defendant's motion is unopposed.**

More than five weeks have passed since the filing of Defendant's motion and Plaintiff has not filed a response. Thus, the motion is unopposed. *See* E.D. Mich. Local Rule 7.1(e)(2) (giving a party 21 days to respond to a motion to dismiss under Rule 12(b)). A motion to dismiss that is unopposed may be granted on that basis alone. *See Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (noting that where a "plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived"); *Scott v. Tennessee*, No. 88-6095, 1989 U.S. App. LEXIS 9653, at *4-6 (6th Cir. July 3, 1989) (affirming the district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"). This is especially true where the plaintiff is represented and does not need the leeway provided to pro se litigants. Thus, Defendant's motion should be granted. Alternatively, the Court also considers the motion on the merits.

B.   **Plaintiff has not stated a Title VII failure to accommodate claim.**

To establish a prima facie case of failure to accommodate her religious beliefs under Title VII, Plaintiff must demonstrate that "(1) [s]he holds a sincere religious belief that conflicts with an employment requirement, (2) [s]he has informed the employer about the conflicts, and (3) [s]he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589, 597 (6th Cir. 2019) (internal quotations and citation omitted).

Here, Plaintiff admits that she did not submit a religious accommodation request to Defendant. Because Plaintiff does not plead any facts that suggest Defendant knew or had a reason to know of her religious beliefs, she has not stated a failure to accommodate claim that is plausible on its face.

**C.     Plaintiff has not stated a Title VII retaliation claim.**

To state a prima facie case of retaliation under Title VII, Plaintiff must prove that (1) she engaged in protected activity, (2) Defendant knew she exercised in protected activity, (3) an adverse employment action was subsequently taken against her, and (4) there was a causal connection between the protected activity and the adverse employment action. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). There are two types of protected activity under Title VII: (1) opposing an employer's discriminatory activity or practice made unlawful by the statute or (2) testifying, assisting, or participating in an investigation or proceeding under the statute. 42 U.S.C. § 2000e-3(a). Defendant argues that Plaintiff's allegations do not meet the protected activity and causation elements of her retaliation claim.

With regard to protected activity, Plaintiff alleges that she "engaged in protected activity when she held sincerely held religious beliefs that conflicted with Defendant's vaccine mandate." But holding such religious beliefs does not constitute opposition to a discriminatory practice or participation in an investigation. The Sixth Circuit has even stated that requesting a religious accommodation, which Plaintiff did not do here, does not constitute protected activity. *See Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020). With regard to causation, Plaintiff cannot show that any protected activity was the but-for cause of her termination when there are no facts that

4

suggest she informed Defendant of her religious beliefs or otherwise put Defendant on notice of those beliefs. Because Plaintiff does not plead facts that satisfy the protected activity or causation elements, she has not stated a retaliation claim that is plausible on its face.

### IV.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: March 20, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2023, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager